# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DAN POKORNI, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| EDDIE CALDWELL and MUSIC OF THE SEA, INC., | ) ) ) |
| Defendants. | ) Plaintiff Demands Trial by Jury |

## COMPLAINT

NOW COMES Plaintiff, DAN POKORNI, by his attorneys, and complaining of EDDIE CALDWELL and MUSIC OF THE SEA, INC., and states as follows:

### I. JURISDICTION AND VENUE

1. This court has original jurisdiction of this action under 17 U.S.C. §501 et seq. and 28 U.S.C. §1338(a).

2. Venue is proper in this Court because all events and omissions giving rise to this action occurred within the Northern District of Illinois and under 28 U.S.C. § 1400(b) it is the judicial district where defendant has committed acts of copyright infringement and has a regular and established place of residence.

### II. THE PARTIES

3. Plaintiff, DAN POKORNI, is a citizen of the United States, residing in Cook County, Illinois.

4. Defendant, EDDIE CALDWELL, is a resident of Cook County, and is the President of Defendant MUSIC OF THE SEA, INC.

5. Defendant MUSIC OF THE SEA, INC. is a corporation organized under the laws of the State of Illinois, with its principal place of business in Chicago, Cook County, Illinois.

### III. GENERAL ALLEGATIONS

6. At all times relevant herein, Plaintiff has been and still is the holder of the exclusive rights under the Copyright Act of 1976 (17 U.S.C. §§ 101 *et seq.,* and all amendments thereto) (the "Copyright Act") to reproduce, distribute, or license the reproduction, distribution of the musical works entitled "As Far As We Can Go," "Bad Days," "Cast Our Love Away," "Change in the Blink of an Eye," "I Hate Tom Cruise," and "Smash." See Exhibits "A through "F" which are incorporated as though fully set forth herein.

7. On October 28, 2012, Plaintiff entered into a written agreement with Defendant Caldwell, doing business as "Eddie C Life Music" and "Mediterranean Sun," a copy of which is attached hereto as Exhibit "G."

8. Defendant Caldwell failed to perform any of the duties required of him by that agreement during its term.

9. The Agreement between the parties expired by its terms on October 28, 2015.

10. After the expiration of the Agreement between the parties, Defendant Caldwell placed duplicates of Plaintiff's songs on Plaintiff's ASCAP writer's account, without Plaintiff's knowledge or consent.

11. As a result, Plaintiff was required to demand that ASCAP remove the duplicates of Plaintiff's songs which had been posted by Defendant Caldwell.

12. Plaintiff believes that Defendant Caldwell obtained income from the duplicates of Plaintiff's songs which Defendant Caldwell posted before Plaintiff was able to have those duplicates removed .

13. Defendant Caldwell created alternate masters of Plaintiff's songs and registered them with BMI, which is an organization which licenses music to third parties. Defendant Caldwell had no authority to offer that music for license to others.

14. As a result of the listing of Plaintiff's songs on BMI, Defendant Caldwell has obtained income from the improper and illegal licensing of songs which belong solely to Plaintiff.

15. Beginning in 2019, Defendant began posting Plaintiff's songs on YouTube, listing himself and Defendant Music of the Sea, Inc. as the publisher which Defendant knew was false.

16. Beginning in 2019, Defendant also began selling Plaintiff's songs on various digital service providers such as Spotify, Apple Music, Amazon Music, Napster and Boomplay, in direct violation of Plaintiff's right to the exclusive use of those songs.

17. Many of these postings were a duplicate of the posting Plaintiff himself had made, which confused the members of the public as to who was the owner of the songs and the source of the recordings which were posted on these web sites.

18. Plaintiff has been informed by Mechanical License Collective, which administers blanket mechanical licenses to various streaming and downloading services, and collects royalties under those licenses that Defendant Caldwell has been presenting himself and Music of the Sea, Inc., as the publishers of Plaintiff's songs on its service, for the purpose of collecting royalties from this service for Plaintiff's songs, which they are not entitled to receive.

19. On September 21, 2021, Plaintiff posted a music remix video of his song "Smash" on YouTube. Almost immediately thereafter, Defendant Caldwell claimed that he was the publisher of that song, a statement which he knew was false.

20. Defendant Caldwell has repeatedly sold Plaintiff's songs, and claimed that he is the publisher of them, although he knows that he has no rights to those songs whatsoever.

21. All of these actions of Defendants are in flagrant violation of Plaintiff's rights under the United States Copyright Act.

## IV PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court grant him the following relief:

A. For an Order enjoining defendants, their officers, agents, employees and all those acting in concert or conspiracy with them, temporarily during the pendency of this action, and

permanently thereafter from:

      (1) infringing, or contributing to or participating in the infringement by others of the copyrights owned by Plaintiff or acting in concert with, aiding and abetting others to infringe said copyrights in any way;

      (2) copying, duplicating, selling, licensing, displaying, distributing, or otherwise using without authorization copies of the songs which are owned by Plaintiff;

  B. That Defendants be required to account for and pay over to Plaintiff the actual damages suffered by Plaintiff as a result of the infringement and any profits of Defendants attributable to the infringement of Plaintiff's copyrighted songs or exclusive rights under copyright and pay such damages to Plaintiff as to this Court shall appear just and proper within the provisions of the Copyright Act, or, in the alternative, at Plaintiff's election, statutory damages for infringement of each separate copyright as set forth in 17 U.S.C.. §505.

  C. For an award of costs and attorneys fees under 17 U.S.C. §505 or as otherwise provided by law.

  D. For an award of pre-judgment interest and post-judgment interest in the maximum amount permitted by law; and

  E. For such other and further relief that this Court deems just and proper.

                                  Respectfully submitted,

                                  S/Wayne B. Giampietro,
                                  Plaintiff's Attorney

Of counsel:
Poltrock & Giampietro
123 W. Madison St., Suite 1300
Chicago, Illinois 60602
312 236 0606; Fax 312 236 6492
wgiampietro@giampietrolaw.com
ARDC # 0947776