UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAN POKORNI, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 21-C-06703 |
| | ) | |
| v. | ) | Hon. Franklin U. Valderrama |
| | ) | |
| EDDIE CALDWELL, e al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## JOINT INITIAL STATUS REPORT UNDER RULE 26(f)

Defendants have not filed an appearance, so Plaintiff submits so Plaintiff submits the following discovery plan. *See* Fed. R. Civ. P. 26(f)(2); Fed. R. Civ. P. 26(f)(3); Fed. R. Civ. P. 16(b). Plaintiff understands that the Court will enter a scheduling order under Rule 16(b)(1), and that the Court will modify any such schedule "only for good cause." *See* Fed. R. Civ. P. 16(b)(4).

I.  **Nature of the Case**

   A.   Identify the attorneys of record for each party. Note the lead trial attorney and any local counsel.

   ANSWER:    Wayne B. Giampietro, attorney for Plaintiff., and lead counsel.  No appearance yet for Defendants.

   B.   State the basis for federal jurisdiction. If based on diversity, state the domicile of all parties. As a reminder, domicile is different than residence – the former is what counts for diversity purposes. *See Heinen v. Northrop Grumman Corp.*, 671 F.3d 669 (7th Cir. 2012).

   If the basis of jurisdiction is diversity, please remember that a corporation is treated differently than an LLC/LLP. Please note two things. ***First***, if a party is a corporation, counsel must identify its place of incorporation and its principal place ofbusiness. ***Second***, if a party is a partnership or a limited liability company, counsel must identify the name and domicile(s) of each and every partner/member of each such entity. *See Belleville Catering Co. v. Champaign Market Place LLC*, 350 F.3d 691 (7th Cir. 2003); *Cosgrove v. Bartolotta*, 150 F.3d 729 (7th Cir. 1998); *Carden v. Arkoma Assoc.*, 494 U.S. 185 (1990). If any partners or members are themselves partnerships or LLCs, the rule applies to their partners or members, too.

ANSWER: This is a suit for Copyright Infringement. This Court has jurisdiction pursuant to 17 U.S.C. §501 et seq. and 28 U.S.C. §1338(a).

C. Provide a short overview of the case in plain English (five sentences or less).

ANSWER: On October 28, 2012, Plaintiff entered into a written agreement with Defendant Caldwell, doing business as "Eddie C Life Music" and "Mediterranean Sun.," After the expiration of the Agreement between the parties, Defendants placed duplicates of Plaintiff's songs on Plaintiff's ASCAP writer's account, without Plaintiff's knowledge or consent, requiring Plaintiff to demand that ASCAP remove the duplicates of Plaintiff's songs which had been posted by Defendants. Defendant Caldwell created alternate masters of Plaintiff's songs and registered them with BMI, which is an organization which licenses music to third parties, without Plaintiff's knowledge or consent. Subsequently, Defendants have been selling Plaintiff's recordings on various digital service providers. As a result of the listing of Plaintiff's songs on both ASCAP and BMI, and the subsequent sales of Plaintiff's songs on other platforms, Defendants have obtained income from the improper and illegal licensing of songs which belong solely to Plaintiff.

D. Describe the claims asserted in the complaint and the counterclaims and/or third-party claims and/or affirmative defenses.

ANSWER: Plaintiff claims defendants have infringed his copyright in his songs due to the actions described above. No counterclaims or affirmative defenses have yet been filed.

E. What are the principal factual issues?

ANSWER: The number of songs posted by Defendants belonging to Plaintiff and the amount received by them from the sale of songs to which Plaintiff owns the copyright.

F. What are the principal legal issues?

ANSWER: Whether Defendants have violated Plaintiff's copyright to various songs owned by Plaintiff.

G. What relief is the plaintiff(s) seeking? Quantify the damages, if any.
(A ballpark estimate is acceptable – the purpose is simply to give the Court a feel for the case. This estimate will not be admissible.).

ANSWER: An injunction against any further use by Defendant of Plaintiff's songs, accounting of all funds received by Defendants from the sale of Plaintiff's copyrighted songs and damages for the funds collected by Defendants for improperly selling Plaintiffs copyrighted works. While Plaintiff has not yet been able to obtain an accounting of the funds received by defendants from the improper sale of Plaintiff's

      copyrighted songs by Defendant, Plaintiff is of the opinion that Defendant has received at least $50,000 in revenue from the sale of Plaintiffs songs.

  H.      Have all of the defendants been served, or waived service of process? If not, identify the defendants that have not received service.

ANSWER: Defendant Music of the Sea, Inc., has been served through service upon the Illinois Secretary of State. Defendant Caldwell has not yet been served

II.    **Discovery**

  A.      Propose a discovery schedule. Include the following deadlines: (1) the mandatory initial discovery responses; (2) any amendment to the pleadings to add new claims, or new parties; (3) service of process on any "John Doe" defendants; (4) the completion of fact discovery; (5) the disclosure of plaintiff's expert report(s); (6) the deposition of plaintiff's expert; (7) the disclosure of defendant's expert(s); (8) the deposition of defendant's expert; and (9) dispositive motions.

ANSWER:

| | |
|---|---|
| 1) Mandatory initial discovery responses: | April 1, 2022. |
| (2). Amendments to the pleadings to add new claims or new parties: | July 1, 2022 |
| (3) service of process on any "John Doe" defendants | July 1, 2022 |
| (4) completion of fact discovery: | December 1, 2022 |
| (5) disclosure of Plaintiff's expert reports. | January 1, 2023 |
| (6) deposition of Plaintiff's expert: | March 1, 2023 |
| (7) disclosure of defendant's expert{s) | February 1, 2023 |
| (8) deposition of defendant's expert | April 1, 2023 |
| (9) dispositive motions | June 1, 2023 |

  B.      How many depositions do the parties expect to take?

ANSWER:   Plaintiff         No more than 5
                Defendants     Unknown

  C.      Do the parties foresee any special issues during discovery?

ANSWER:   Not at this time.

  D.      Rule 26(f)(2) requires the parties to propose a discovery plan. *See* Fed. R. Civ. P. 26(f)(2). Rule 26(f)(3), in turn, provides that a "discovery plan must state the parties' views and proposals" on six different topics. *See* Fed. R. Civ. P. 26(f)(3). Have the parties discussed a discovery plan – including all of the topics – as required by Rule 26(f)(3)? If so, do the parties propose anything?

        If the parties do make any proposals, be sure to include them in the proposed scheduling order that will be sent to Judge Seeger's proposed order inbox.

        ANSWER:    Not at this time.

### III. Trial

    A.    Have any of the parties demanded a jury trial?

    ANSWER:    Yes, Plaintiff has demanded a jury trial.

    B.    Estimate the length of trial.

    ANSWER:    Plaintiff estimates no more than five days.

### IV. Settlement, Referrals, and Consent

    A.    Have any settlement discussions taken place? If so, what is the status? Has the plaintiff made a written settlement demand? And if so, did the defendant respond in writing? (Do <u>not</u> provide any particulars of any demands or offers that have been made.)

    ANSWER:    No.

    B.    Do the parties request a settlement conference at this time before this Court or the Magistrate Judge?

    ANSWER:    Not at this time.

    C.    Have counsel informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment? Do all parties <u>unanimously consent</u> to that procedure? The Court strongly encourages parties to consent to the jurisdiction of the Magistrate Judge.

ANSWER:    No.

### V. Other

    A.    Is there anything else that the plaintiff(s) wants the Court to know? (Please be brief.)

    ANSWER:    Not at this time.

    B.      Is there anything else that the defendant(s) wants the Court to know? (Please be brief.)

ANSWER:   No.

                                              S/Wayne B. Giampietro  
                                              Attorney for Plaintiff  
                                              Poltrock & Giampietro  
                                              123 W. Madison, Suite 1300  
                                              Chicago, Illinois 60602  
                                              312-236-0606  
                                              312-236-9264  
                                              wgiampietro@giampietrolaw.com